IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 5:21-CR-251 FJS |
| | ) |
| v. | ) **Information** |
| | ) |
| **GLEN ZINSZER,** | ) Violation:   18 U.S.C. § 1343 |
| | )                [Wire Fraud] |
| **Defendant.** | ) |
| | ) 1 Count |
| | ) |
| | ) County of Offense:   Onondaga |

## THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
### [Wire Fraud]

1. During the period from December 2012 through in or about July 2016, **GLEN ZINSZER** was the Chief Executive Officer and founder of a company called Brazzlebox. Brazzlebox was a company that operated an online social media platform for businesses.

2. From in or about April 2013, in Onondaga County in the Northern District of New York, the defendant, **GLEN ZINSZER**, devised and intended to devise a scheme and artifice to defraud investors and to obtain money by means of false and fraudulent pretenses, representations and promises.

3. It was part of the scheme and artifice to defraud that **GLEZN ZINSZER** knowingly made materially false representations to prospective and existing debt and equity investors in Brazzlebox. These false representations included **GLEN ZINSZER** overstating the number of Brazzlebox's users, making false claims about Brazzlebox's strategic partnerships with other businesses and entities, and making false claims about Brazzlebox's revenue sources and the likelihood that Brazzlebox was going to be purchased. In making the false claims about

Brazzlebox's revenue sources and the possibility that Brazzlebox was going to be purchased, **GLEN ZINSZER** fabricated and circulated to prospective and existing investors both a forged agreement with a shipping and logistics company to pay Brazzlebox a monthly fee to advertise on Brazzlebox's platform and a forged letter of intent to purchase Brazzlebox ostensibly from a large, international e-commerce company.

4. **GLEN ZINSZER** made these false representations and created and distributed forged documentation to induce new investment into Brazzlebox and to lull existing Brazzlebox investors into believing that their debt would be repaid and that their equity investments were secure and likely to produce a large return when the company was sold or taken public.

5. **GLEN ZINSZER** used a portion of investors' debt and equity investments to finance personal expenses.

6. On or about July 15, 2016, **GLEN ZINSZER**, for the purpose of executing the scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce the following signal, that is an electronic transfer of funds by a Brazzlebox investor with the initials S.B. from the investor's bank account into Brazzlebox's bank account:

| Date | Amount | Originating Bank and Location | Terminating Bank and Location |
|---|---|---|---|
| 7/15/16 | $10,000 | Atlantic Central Bankers Bank (Massachusetts) | JPMorgan Chase (New York) |

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION

The allegations contained in Count One of this information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this Information, the defendant, **GLEN ZINSZER,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title and interest in any property, real and personal, which constitutes and is derived from proceeds traceable to such offense. The property to be forfeited includes, but is not limited to, a money judgment in U.S. currency representing the unrecovered proceeds obtained by the defendant in connection with Count One of this information, which amount is not limited to the amount of the specific wire transfer of funds alleged in Count One of this information.

If any of the property described above, as a result of any act or omission of the defendant:

a)  cannot be located upon the exercise of due diligence;

b)  has been transferred or sold to, or deposited with, a third party;

c)  has been placed beyond the jurisdiction of the court;

d)  has been substantially diminished in value; or

e)  has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Dated: July 21, 2021

ANTOINETTE T. BACON
Acting United States Attorney

By: *[signature]*

Michael D. Gadarian (Bar Roll No. 517198)
Geoffrey J.L. Brown (Bar Roll No. 513495)
Assistant United States Attorneys